**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-1013**

───────────────

ANGEL JAVIER MEJIA-AGUILAR,

        Petitioner,

   v.

MERRICK B. GARLAND,

        Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted:  November 30, 2022                 Decided:  January 4, 2023

───────────────

Before DIAZ and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Dismissed in part, denied in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:** John E. Gallagher, Catonsville, Maryland, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Song Park, Senior Litigation Counsel, Brandon T. Callahan, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Javier Mejia-Aguilar, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We dismiss in part and deny in part the petition for review.

Mejia-Aguilar, who has been represented by counsel throughout his removal proceedings, contends that the IJ failed in his duty to develop the record at the hearing regarding a potential claim that counsel declined to pursue. In support, he cites our recent decision in *Quintero v. Garland*, 998 F.3d 612, 627-28 (4th Cir. 2021) (holding that IJs have a legal duty to fully develop the record in all cases that come before them and that such duty "becomes particularly important in cases involving uncounseled noncitizens."). Mejia-Aguilar failed to raise this claim before the Board, either on its own or supported by *Quintero*, which was decided before the instant Board decision issued. We therefore dismiss the petition for review in part for lack of jurisdiction. 8 U.S.C. § 1252(d)(1); *see Cedillos-Cedillos v. Barr*, 962 F.3d 817, 823 n.3 (4th Cir. 2020); *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019).

Next, Mejia-Aguilar contends that the agency erred in finding that he failed to meet his burden of proof to qualify for protection under the CAT. Upon review, we deny the petition for review in part for the reasons stated by the Board. *In re Mejia-Aguilar* (B.I.A. Dec. 9, 2021). We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*DENIED IN PART*
